IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Conrad L. Slocumb, #197165, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:07-3903-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Director Jon E. Ozmint, Director for | ) | |
| SCDC; Robert Ward, Deputy Director for | ) | |
| SCDC; and Bernard McKie, Warden at | ) | |
| KCI SCDC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Plaintiff, Conrad L. Slocumb ("Slocumb"), a state prisoner proceeding pro se, alleges that his civil rights have been violated by those acting under color of state law, 42 U.S.C. § 1983.  Magistrate Judge Marchant has recommended that Slocumb's civil action be dismissed for failure to prosecute. Fed. R. Civ. P. 41(a).  For the reasons discussed below, the court adopts Magistrate Judge Marchant's Recommendation to dismiss the action with prejudice for failure to prosecute.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

## I. Factual and Procedural Background

Slocumb is incarcerated at Kirkland Correctional Institution, a state facility in Columbia, South Carolina. Slocumb alleges that on or about October 14, 2005, he suffered a significant psychotic episode that manifested itself in the form of self-mutilation. Slocumb was transferred to the Maximum Security Unit ("the MSU") of Kirkland Correctional. However, Slocumb submits that the MSU does not provide adequate treatment for inmates with severe mental health conditions, that his transfer to the MSU exacerbated the severity of the psychotic episode, and that his transfer to the MSU violated regulations promulgated by the South Carolina Department of Corrections ("SCDC"). Instead, Slocumb argues that he should have been transferred to a facility that provides intensive mental health care treatment.

On November 26, 2007, Slocumb commenced this civil action against the Defendants for the circumstances resulting from the incident that occurred on October 14, 2005. It is his contention that the conduct of the agents and SCDC employees violated his due process and equal protection rights under the Fourteenth Amendment of the United States Constitution, and the right to be free from cruel and unusual punishment under the Eighth Amendment. On June 5, 2008, the Defendants moved for summary judgment and the magistrate judge issued a notice in compliance with Roseboro v. Garrison, 528 F.2d 309, 309 (4th Cir. 1975). Slocumb's response to the motion was due on or before July 14, 2008. No response was filed. On July 24, 2008, Magistrate Judge Marchant ordered that Slocumb respond to the Defendants' motion within ten days (10) or face sanctions that could include the dismissal of his civil action with prejudice. Again, no response was filed.

On August 12, 2008, Magistrate Judge Marchant issued a Report and Recommendation

recommending that the action be dismissed with prejudice. Slocumb filed objections to the magistrate judge's Report alleging that his severe mental illness prevented him from timely prosecuting his claim. On August 28, 2008, this court declined to adopt the Report and Recommendation, allowing Slocumb an additional thirty (30) days to respond to Defendants' motion or request a further extension of time. Again, Slocumb failed to file a response.

On October 16, 2008, Magistrate Judge Marchant issued his Report and Recommendation in this case. Again, Magistrate Judge Marchant recommends the action be dismissed with prejudice for failure to prosecute. Slocumb filed objections to the Report on October 29, 2008.[2]

## II. DISCUSSION OF THE LAW

The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district court. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the report and recommendation of the magistrate judge, the court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Magistrate Judge Marchant has recommended dismissal with prejudice for failure to prosecute. Fed. R. Civ. P. 41(a). Dismissal is a severe sanction that should not be "invoked lightly." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). When dismissal is considered for failure to prosecute, the court should determine (1) whether and to what extent the plaintiff is

---

[2] Houston v. Lack, 487 U.S. 266, 266 (1988).

personally responsible for the delay; (2) the amount of prejudice the delay has caused the defendant; (3) "the existence of a history of deliberately proceeding in a dilatory fashion"; and (4) "the existence of a sanction less drastic than dismissal." Id.

The court has given Slocumb ample additional time to respond to Defendants' motion for summary judgment. Further, Slocumb's timely objections to both Report and Recommendations reveal that he is able to respond adequately to the motion for summary judgment. Based on the foregoing, the court finds that dismissal is the proper sanction.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation.

It is therefore

**ORDERED** that Slocumb's complaint, docket number 1, is dismissed with prejudice.

**IT IS SO ORDERED.**

             s/Henry M. Herlong, Jr.
             United States District Judge

Greenville, South Carolina
November 4, 2008

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.